[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on September 6, 1975 in Orange, Connecticut. The plaintiff has resided continuously in Connecticut for over twenty years. There is one child, Emily, born September 24, 1990. The marriage has broken down irretrievably, and judgment may enter dissolving the marriage on that ground.
The plaintiff is forty-four years old and enjoys good health. He holds a M.B.A. degree and has a responsible management position. He is an articulate, bright gentleman.
The defendant is forty-two years old and indicated no physical health problems. She is a high school graduate and worked as an executive secretary during the marriage until the birth of the parties' daughter. She is an intense and intelligent lady who plans to seek employment in the near future.
Both parties have had problems during the marriage. Each must assume some responsibility for the breakdown of their marital relationship.
The court has carefully considered the criteria set forth in Connecticut General Statutes, Sections 46b-81, 46b-82 and 46b-84 in reaching the decisions reflected in the orders that follow.
The following orders may enter.
1. The parties shall have joint legal custody of the minor child, Emily, with primary physical residence with the defendant. The plaintiff shall have reasonable parenting time with the minor child as follows:
a. The plaintiff shall have the minor child with him on alternating weekends beginning on Friday at 6:00 p.m. to Sunday at 6:00 p.m.
b. The plaintiff shall have the minor child with him from 5:00 p.m. to 7:30 p.m. every Wednesday evening. CT Page 7958
c. The parties shall alternate Thanksgiving, beginning at 6:00 p.m. on Wednesday evening through 7:00 p.m. on Thursday evening.
d. For the even numbered years, the plaintiff shall have the child with him on Christmas Eve day from 1:00 p.m. or at the end of the school day and shall return her to the defendant at 8:00 p.m. on Christmas Eve.
For the odd numbered years, the plaintiff shall have the child with him on Christmas Eve day from 1:00 p.m. or at the end of the school day and shall return her to the defendant at 9:00 a.m. on Christmas Day.
The child shall spend the entire Christmas Day with the defendant every year. The remainder of the Christmas vacation shall be shared equally between the parties beginning on the day after Christmas until the child returns to school.
e. The plaintiff shall be entitled to two non-consecutive weeks with the minor child during the summer vacation so as not to interfere with camp and shall not be the week before schools starts.
f. School vacations shall be alternated by the parties. In the event there is only one week of vacation, the parties shall share said week equally.
g. The minor child shall be with the plaintiff on Father's Day and on his birthday and shall be with the defendant on Mother's Day and on her birthday.
h. The parties shall share the child's birthday with the plaintiff spending a minimum of three hours alone with the child.
2. The marital residence located at 52 Middlesex Road, Darien, Connecticut, shall be listed for sale on March 1, 1998 or when the defendant remarries, whichever event first occurs. Any and all fix up costs to enhance the property for sale shall be shared equally by the parties from the net proceeds of sale. All such costs shall be agreed to by the parties. The listing broker and listing price shall be mutually agreeable to the parties. All offers within 5% or less of the listing price must be accepted by the parties unless they agree otherwise. The parties will use their best efforts to effect a sale and will not unreasonably withhold their approval of the sale. The court retains jurisdiction to effectuate the sale of the property.
Until the date of the closing of sale of said residence, the defendant CT Page 7959 shall have exclusive possession of said property and be responsible for the mortgage, real estate taxes and homeowner's insurance. She shall also be responsible for the payment of all utilities, such to include but not limited to, oil, electric, telephone and regular household maintenance. Any major repairs over $250 must be agreed upon by both parties and, if agreed upon, the cost shared equally.
The defendant shall vacate the marital residence within a reasonable time, but no later than December 31, 1996.
Upon the sale of the residence, the existing balance of the first mortgage, broker's commission. attorney's fees, conveyance taxes and costs of closing shall be paid from the sale price. The balance of the proceeds shall be paid 50% to the plaintiff and 50% to the defendant. Each party shall be responsible for one-half of the capital gains on this residence or on the rollover of capital gains from any prior residence sale.
Any lien on the premises other than the first mortgage which must be paid at the closing shall be the responsibility of the party who caused such lien, and payment of the lien shall be made out of the share of such responsible party.
3. The plaintiff shall pay to the defendant as periodic alimony the sum of $2,100 per month ($25,200 per year). The payments shall commence on November 1, 1996 and on the first day of every month thereafter in advance, and continue until the death of either party, the defendant's remarriage or cohabitation as defined by statute, whichever event first occurs. A contingent wage withholding order may enter.
Until November 1, 1996, the plaintiff shall continue to make the payments for family support he has been making.
4. The plaintiff shall pay to the defendant as child support the sum of $1,125 per month ($13,500 per year), in accordance with the current child support guidelines of $259 per week. The payments shall commence on November 1, 1996 and on the first day of each month thereafter, in advance, and continue until the child attains the age of 18 or graduates from high school, whichever shall last occur. A contingency wage withholding order may enter.
The plaintiff shall be entitled to the dependency exemption for the minor child. The defendant shall sign all documentation necessary each year in order for the plaintiff to claim such exemption.
5. The plaintiff shall name the defendant primary beneficiary of the life CT Page 7960 insurance currently available on his life which he has through his employment. Such designation will continue so long as the plaintiff is obligated to pay alimony or child support. This order is subject to modification as to the amount of coverage.
6. The plaintiff shall assist the defendant in obtaining medical insurance under COBRA within 30 days of the date hereof. The premiums shall be the responsibility of the defendant.
7. The plaintiff shall continue coverage of his existing medical, dental and hospitalization insurance for the minor child. The parties shall divide equally all unreimbursed medical, dental and psychological expenses of the minor child. Section 46b-84 (d) of the Connecticut General Statutes shall apply.
8. The defendant shall retain the Acura automobile which is currently in her name, and the plaintiff shall retain the Honda Civic and the Lotus which are currently in his name.
The parties shall divide the furniture, furnishings and possessions located in the marital residence. The court retains jurisdiction to determine a division of such property if the parties cannot agree.
9. Each party shall pay his or her own legal fees and costs.
10. The parties shall divide equally all remaining property, with the exception of the joint People's Bank checking account which is awarded to the plaintiff to be used for payment of family expenses for the month of October, 1996. The remaining property includes the following assets:
a. Combustion Credit Union Account
b. 401 K — Plaintiff
c. Combustion IRA — Plaintiff
d. Fidelity IRA — Plaintiff
e. Pitney Bowes Stock
f. Savings Bonds — Series E
g. People's Money Market
h. People's CD CT Page 7961
i. 401 K — Defendant
j. Combustion IRA — Defendant
k. Fidelity IRA — Defendant
The present value of these assets is approximately $367,000.
11. There is a certificate of deposit in the amount of $21,985 in the names of the defendant and the minor child, and $2,400 in Series E savings bonds. These funds shall be used solely for the child's education, and such expenditures shall be agreed upon in writing by both parties.
12. The plaintiff shall transfer to the defendant 50% of the plaintiff's pension at Pitney Bowes valued as of this date. Such transfer shall be executed by a Qualified Domestic Relations Order. The plaintiff's attorney shall be responsible for preparing such order. The court retains jurisdiction to effectuate such transfer.
13. If any deficiencies should be determined in respect of any joint income tax return previously filed by the parties, each party shall bear his or her share of any additional tax, including interest and penalties, attributed to his or her income or to the deductions or credits claimed by him or her, and if one of the parties pays the full additional tax, the other shall reimburse the former promptly upon such payment. Both parties shall indemnify and hold the other party harmless from any such obligation.
Judgment may enter accordingly.
NOVACK, J.